UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ARTHUR ALAN OUTLAW, a/k/a
Aceyon Rogers, a/k/a Ace,

*Defendant-Appellant.*

No. 01-4430

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-00-114)

Submitted: June 25, 2002

Decided: July 25, 2002

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Bruce E. Welch, Roanoke, Virginia, for Appellant. Ruth E. Plagen-hoef, United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Patty Merkamp Stemler, Appellate Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Arthur Alan Outlaw appeals his conviction and sentence, after a jury trial, of conspiracy to distribute and possession with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001); two counts of distribution or possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C.A. § 841; one count of possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C.A. § 841; and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West 2000). Finding no error, we affirm.

Outlaw challenges the sufficiency of the evidence that he used, carried or possessed a handgun in furtherance of a drug trafficking crime. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). Our review of the Joint Appendix reveals that there was sufficient evidence of gun possession and use during the time period covered by the indictment to allow the jury to find Outlaw guilty of the 18 U.S.C.A. § 924(c) charge.

Outlaw also challenged the sufficiency of the evidence establishing that he possessed with intent to distribute the 15.8 grams of cocaine base recovered from beneath the car parked in the driveway at the house where he was arrested. Circumstantial as well as direct evidence must be considered and the government is allowed the benefit of all reasonable inferences from the facts proven to those sought to be established. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). A conviction may rely entirely on circumstantial evidence. *United States v. Gallimore*, 247 F.3d 134, 137 (4th Cir. 2001). Possession of 15.8 grams of cocaine base is sufficient to show intent to

distribute. *See United States v. Lamarr*, 75 F.3d 964, 973 (4th Cir. 1996). Sufficient evidence was presented for the jury to determine the cocaine base found under the car was possessed by Outlaw and the quantity established an intent to distribute.

Outlaw next contends that instructions offered by the district court to a witness bolstered the testimony of that witness. This claim is without merit. The instructions to the witness on admissible testimony were not an expression of opinion about the veracity of the witness nor the testimony he provided. We find no error.

Outlaw avers that he received ineffective assistance of trial counsel because counsel failed to object to the admissibility of testimony by co-conspirators regarding Outlaw's statements, and because counsel failed to object to unspecified errors in the presentence report. Because the record does not conclusively establish that counsel was ineffective, these claims are not cognizable on direct appeal. *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1992). They may be raised in a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001).

Outlaw contends the district court erred at sentencing by enhancing his sentence pursuant to *U.S. Sentencing Guidelines Manual* § 3B1.1(a) (2000) for his role as a leader or manager of the drug conspiracy when that role was not charged in the indictment and by sentencing him for quantities of drugs not specified in the indictment. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Cotton*, 261 F.3d 397 (4th Cir. 2001), *rev'd*, ___ U.S. ___, 122 S. Ct. 1781 (2002). These objections to the presentence report were not made at the sentencing hearing. In the absence of objection below, a sentence is reviewed for plain error. *Johnson v. United States*, 520 U.S. 461, 466-67 (1997). The indictment charged Outlaw with distribution of more than fifty grams of cocaine base. The district court did not err in sentencing Outlaw for quantities of cocaine base in excess of fifty grams and for his role in the offense. *See United States v. Kinter*, 235 F.3d 192, 194 (4th Cir. 2000). We find no error.

We affirm Outlaw's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*